CLD-270                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2682
_____

LAWRENCE KEMP TENNILLE,
                                        Appellant

v.

FRANCISCO J. QUINTANA, EX-WARDEN; ROD SMITH, HEALTH SERVICES
ADMINISTRATOR; S.L. NOLAN, ASSOCIATE WARDEN; STEPHEN D. GAGNON,
ASSOCIATE WARDEN; DENISE A. HALE, EMPLOYEE SERVICE MANAGER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00238)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 31, 2011)
_____

OPINION
_____

PER CURIAM

Lawrence Kemp Tennille, a federal prisoner proceeding pro se, appeals from an

order of the United States District Court for the Western District of Pennsylvania

granting the defendants' motion to dismiss or, in the alternative, motion for summary

judgment. Upon consideration of the record, we conclude that the appeal does not present a substantial question. Therefore, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In September 2009, Tennille filed a complaint, which he later amended, alleging that prison officials at FCI-McKean denied his requests to have prescription eyeglasses mailed to him from the manufacturer after they were purchased by his family at a cost of $250.[1] Tennille asserted that the actions of the prison officials constituted a conspiracy to retaliate against him for filing a civil complaint and violated his rights to due process and equal protection. The defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Tennille failed to exhaust his administrative remedies and, in any event, failed to state a claim upon which relief may be granted. The matter was referred to a Magistrate Judge, who recommended that summary judgment be entered in favor of the defendants based on Tennille's failure to exhaust administrative remedies. In particular, the Magistrate Judge concluded that, although Tennille had fully pursued administrative remedies with respect to an allegation that the denial of eyeglasses violated prison policies, he failed to raise due process, equal protection, conspiracy, and retaliation claims in the administrative remedy process.[2] Over Tennille's objections, the District Court adopted the Magistrate Judge's Report and Recommendation, and entered

---

[1] The Bureau of Prisons ("BOP") did provide Tennille with new prescription eyeglasses free of charge through its UNICOR program.

[2] The Magistrate Judge noted that, to the extent Tennille's exhausted grievance could be construed to include a due process claim, such a claim failed because a violation of prison regulations in itself is not a constitutional violation. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

2

judgment in favor of the defendants.  After the District Court denied Tennille's motion for reconsideration, see Fed. R. Civ. P. 59(e), Tennille appealed.

We exercise plenary review over an order granting a motion for summary judgment.  Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (amended Dec. 1, 2010).  "We review the facts in the light most favorable to the party against whom summary judgment was entered."  Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).  We can affirm the judgment of the District Court on any basis supported by the record.  Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003).

Initially, we conclude that the Magistrate Judge erred in holding that Tennille failed to exhaust administrative remedies.  The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies.  42 U.S.C. § 1997e(a) (2001).   The PLRA requires "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system.  Spruill v. Gillis, 372 F.3d 218 228, 231 (3d Cir. 2004).  The BOP has established a multi-tier administrative remedy procedure, which requires that an inmate, after attempting to resolve an issue informally, file a formal Administrative Remedy Request on an appropriate form.  28 C.F.R. §§ 542.13(a); 542.14.  If the inmate is dissatisfied with the prison's response, the inmate may pursue appeals to the Regional

3

Director and, ultimately, to the General Counsel. 28 C.F.R. § 542.15(a). In this case, Tennille followed the proper procedures, complaining at each level about the denial of his request to have prescription eyeglasses sent to him from the manufacturer. As the defendants acknowledged, "there is no dispute that [Tennille] exhausted his available administrative remedies with respect to his claim that denying his request to have eyeglasses sent to him violated prison policy." Although Tennille's administrative grievances did not cite the specific constitutional grounds on which his complaint is based, we conclude that he properly exhausted his administrative remedies. Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000) (stating that "[c]ompliance with the administrative remedy scheme will be satisfactory if it is substantial."); see also Jones v. Bock, 549 U.S. 199, 219 (2007) (noting that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." (quoting Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004))).

Nevertheless, Tennille's due process, equal protection, retaliation, and conspiracy claims fail on their merits.[3] When reviewing these claims, we accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of Tennille. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[3] We note that the defendants addressed the merits of these claims in their motion to dismiss or, in the alternative, for summary judgment.

Deprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, adequate remedies were available to Tennille, who sought relief through the administrative remedy process. Tillman v. Lebanon County Corr., 221 F.3d 410, 422 (3d Cir. 2000). Furthermore, Tennille did not state an equal protection claim, as he failed to allege that the defendants permitted eyeglasses to be sent to other similarly situated inmates. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (stating that plaintiff's "claim must fail because he does not allege the existence of similarly situated individuals"). We also reject Tennille's unsupported claim that the defendants refused his request for privately purchased eyeglasses in retaliation for filing a lawsuit against mailroom staff. This claim falters insofar as Tennille failed to rebut record evidence indicating that the defendants denied his request because the value of the eyeglasses exceeded the amount authorized by an internal prison regulation. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001) (holding that "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest"); cf. Maberry v. McKune, 24 F. Supp. 2d 1222, 1228-29 (D. Kan. 1998) (holding that regulation which imposed quantity and value limitations on property which inmates were allowed to possess did not violate equal protection or due process rights). Finally, Tennille's conclusory and unsupported allegations of a conspiracy are insufficient to state a claim. D.R. v. Middle Bucks Area

5

Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (agreeing that "plaintiffs failed to assert any facts from which any type of conspiratorial agreement . . . can be inferred."). There is no indication that Tennille could amend his complaint so as to survive dismissal for failure to state a claim.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.